IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ISIAH MARTIN,

Plaintiff,

v. Case No. 1:26-cv-01194-JDB-jay

MADISON COUNTY CRIMINAL JUSTICE COMPLEX, *et al.*,

Defendants.

ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915(A)(1)-(2) OR PAY $405 CIVIL FILING FEE

On September 15, 2026, the Plaintiff, Isiah Martin, inmate number 769844, imprisoned at the Madison County Criminal Justice Complex in Jackson, Tennessee, filed a pro se civil complaint under 42 U.S.C. § 1983.[1] (Docket Entry ("D.E.") 1.) The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), requires a prisoner bringing a civil action to pay the filing fee required by 28 U.S.C. § 1914(a).[2] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wriggleworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d. 944, 951 (6th Cir. 2013), the PLRA allows a prisoner to make a "down payment" of a partial filing fee and pay the remainder in

[1]The title of Martin's pro se filing is "Petition for Writ of Habeas Corpus," but his allegations raise claims of false arrest, retaliation, denial of access to the courts, and unconstitutional conditions of confinement. Therefore, the Court construes the filing as a prisoner civil rights case under § 1983.

[2]The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees requires an additional administrative fee of $55 for filing any civil case. Local Fees | Western District of Tennessee | United States District Court (uscourts.gov) (last accessed Oct. 16. 2026). The additional fee will not apply if leave to proceed in forma pauperis is ultimately granted.

installments, *see* 28 U.S.C. § 1915(b)(2). To take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an in forma pauperis ("IFP") affidavit containing a current certification by the prison trust account officer and a copy of Plaintiff's trust account statement for the last six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(1)-(2).

The inmate has not paid the civil filing fee and has not filed an application to proceed IFP. Therefore, he is DIRECTED to submit, within thirty days after the date of this order:

(1) the entire $405 civil filing fee; OR

(2) a completed IFP affidavit containing a current certification by the prison trust account officer and a copy of Plaintiff's trust account statement for the last six months immediately preceding the filing of the complaint.

The Clerk is **DIRECTED** to mail Martin a copy of the prisoner IFP affidavit and note the date of mailing on the docket.

If Plaintiff needs additional time to pay the filing fee or file the required document(s), he may request one thirty-day extension of time from the Court. *See McGore,* 114 F.3d at 605. If Martin fails to comply with this order in a timely manner, the Court will deny leave to proceed IFP, assess the entire $405 filing fee from Plaintiff's trust account without regard to the installment payment procedures, and dismiss this action without further notice pursuant to Federal Rule of Civil Procedure 41(b). *Id.*

Martin is ORDERED to notify the Court immediately, in writing, of any change of address. If he fails to abide by this requirement or any other requirement of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this 16th day of October 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE